UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
UNITED STATES OF AMERICA,         :
: CASE NO. 5:02-CR-00255
       Plaintiff,            :
:
       v.                       : OPINION & ORDER
: [Resolving Doc. Nos. 1352, 1362]
JESSE JONES,                     :
:
       Defendant.           :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Jesse Jones III moves, by and through his father, Jesse C. Jones, Jr., for the release of a criminal judgment lien placed against property located at 630 Elbon Avenue, Akron, Ohio, 44306. [Doc. 1352.] Mr. Jones, Jr. argues that because the Defendant, his son, owns no interest in the home at 630 Elbon Avenue, the government wrongly attached the lien. [*Id.*] The government opposes the release of this lien. [Doc. 1359.] For the following reasons, the Court **GRANTS** the Defendant's motion.

On July 31, 2002, Defendant Jesse Jones III pled guilty to three counts of selling, distributing, or dispensing a controlled substance. [Doc. 149.] On October 8, 2002, the Court sentenced Defendant Jones to fifty months' imprisonment on these counts. [Doc. 486.] The Court also imposed a fine of $2,000.00 and a special assessment of $300.00, [Doc. 486], which was secured by a lien against Defendant Jones's property. [Doc. 1359-1.] At the time notice of the lien was issued, the Defendant, Jesse Jones III, was living with his father, Jesse Jones, Jr., at 630 Elbon Avenue in Akron, Ohio. The lien listed the Elbon Avenue address as Defendant Jones's residence and attached

Case No. 5:02-CR-00255
Gwin, J.

to the real property at that address. [*Id.*]

Defendant Jones says that because he does not own any part of the home at Elbon Avenue, the government has wrongly attached the lien against that property. The Defendant thus moves for release of the lien. [Doc. 1352.]

The government offers several unconvincing arguments in opposition to the lien's release. First, the government contends that, under 18 U.S.C. § 3613, it has the right to enforce the criminal judgment lien against Defendant Jones. [Doc. 1359.] Section 3613 does allow the government to enforce a judgment imposing a fine in the form of a lien against property or property rights. However, the section provides only that such lien may be enforced "against all property or rights to property *of the person fined*." 18 U.S.C. § 3613(a), (d) (emphasis added). Nothing in that section authorizes a lien against property in which the defendant has no interest, as the Defendant says is the case here.

Second, the government correctly notes that an important consideration in determining a person's property interest is "the breadth of control [he] could exercise over the property." *Drye v. United States*, 528 U.S. 49, 61 (1999). Yet the government does not argue that Defendant Jones could or did exercise control over the property at 630 Elbon Avenue. Indeed, the government does not contest Mr. Jones Jr.'s argument that he is the exclusive owner of the home, and that Defendant Jones has no interest in or control over the property.

The government thus fails to establish a crucial condition precedent: that Defendant Jones holds any interest in or control over the Elbon Avenue property that would justify a lien against it. Whether the government would, as it promises, issue a partial release of its lien as to Mr. Jones, Jr.'s interest in the property, [Doc. 1359 at 2], does not justify the lien. The government has presented

Case No. 5:02-CR-00255
Gwin, J.

no argument or evidence that its criminal judgment lien could legitimately be levied against the Elbon Avenue property, either in whole or in part.

Accordingly, the Court **GRANTS** Defendant Jones's motion and releases the criminal judgment lien to the extent it has been applied against the property owned by Mr. Jones, Jr. at 630 Elbon Avenue in Akron, Ohio.

Having granted his motion to release the lien against the 640 Elbon Avenue property, the Court **DENIES** Defendant Jones's motion to file an amended complaint.

IT IS SO ORDERED.


Dated: March 22, 2011                    s/    *James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE